**Paul E. FIELD, Appellant,**

v.

**A/S GANGER ROLF, Fred Olsen & Co., et al., and Yerba Buena Corporation, Appellees.**

**No. 17406.**

United States Court of Appeals
Ninth Circuit.

March 19, 1962.

Edward R. Kay, Francis J. Solvin, San Francisco, Cal., for appellant.

Lillick, Geary, Wheat, Adams & Charles, Edwin L. Gerhardt, Mark Scott Hamilton, Graydon S. Staring, San Francisco, Cal., for appellee Fred Olsen Line Agency.

Robert Sikes, Los Angeles, Cal., for appellee Yerba Buena Corp.

Before HAMLEY and DUNIWAY, Circuit Judges, and SOLOMON, District Judge.

DUNIWAY, Circuit Judge.

Field appeals from an adverse judgment in an action against the owner of the SS BOLINAS. His complaint alleges that on November 26, 1958, while he was employed as a longshoreman at Stockton and unloading bagged cargo in the hold of the BOLINAS, the cargo slipped and knocked him down. We conclude that the judgment must be affirmed.

The court found that some of the bags in the hold in which Field was working did slide or fall against his lower legs or feet, that he complained of back pain and did not return to work that day, but lost only a few hours time, that it was not proved that the accident caused Field to sustain any injuries at all, and that he has failed to prove any causal connection between the physical condition of which he complains and anything occurring aboard the ship.

We have carefully examined the findings, the transcript and the exhibits and we conclude that the court's finding of lack of causation of plaintiff's claimed injuries is fully supported. The fact that Field took a few hours off to see a doctor would not result in a valid claim, if, in fact, he was not injured in the accident.

Field has had a long history of alleged back injuries. The record shows that he claimed to have injured his back at Stockton, while working as a longshoreman on May 28, 1953, on October 13, 1955, on March 21, 1957, on October 14, 1957, at an unspecified place in June of 1958, in the present instance on November 26, 1958, at Stockton on February 26, 1959, and at Stockton on March 17, 1959. There are also in evidence opinions of doctors given early in 1959, shortly after the event here involved, to the effect that "there were no objective findings to substantiate his (Field's) alleged complaints". There was medical opinion and testimony to the contrary, but the court was not bound to accept it, and evidently did not do so. It specifically found that the medical opinions and reports were contradictory and incomplete in material respects (for example, no doctor had been given a full history of all of the alleged injuries), that the medical evidence is confusing and that plaintiff, in respect to the medi-

cal history, was not a credible witness. The trial judge saw and heard the plaintiff; we have not. It was for the trial judge to decide whom he would believe. We cannot hold that his findings on this phase of the case are clearly erroneous.

In view of the foregoing, it is unnecessary for us to consider Field's contentions as to unseaworthiness and negligence.

Affirmed.